Morgan, J.
Plaintiff, in her representative capacity, seeks to recover from the defendants $1434 47, amount of a check drawn by *466 Britton and Kountz, to the order of Hampton Elliott, and by him indorsed in blank, and which she alleges the defendants embezzled and misappropriated.
There was judgment in favor of the plaintiff.
As regards Mrs. Bishop, the record shows that she was a married woman when the suit was instituted, and she was not authorized to-stand in judgment by her husband or by the judge. As to her, therefore, the judgment was not authorized.
In respect to Mrs. Risley, her codefendant, she claims that the check was a manual gift from Elliott to herself and that she can not be forced to return it.
The facts are that Elliott gave the check to Mrs. Risley on the twenty-seventh March, 1872. On that day, in the afternoon before three o’clock, Mrs. Bishop gave the check to a visitor at the house, who had transacted other business for her, and requested him to have it cashed. He advised her to deposit it in the bank where she kept an account, and he took the check from her and her bank book to have the deposit made. He did not make the deposit that afternoon. The following day was Good Friday, and the bank was closed, so that ho could not deposit it on that day. On Saturday he deposited it, and on Monday morning it was paid. On Friday Hampton Elliott died. He was therefore dead when the check was paid. The position of Mrs. Burke is, that the succession is protected by the 1536th article of the Code, which provides that “ An act shall be passed before a notary public and two witnesses, of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity;” -and also by the 1538th article of the same Code, which declares that “a donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.” And in support of her pretentions she relies-upon the succession of DePouilly, 22 An. 97; 12 R. 76; 17 La. 144. The defendant rests her case upon the 1539th article of the Code, which says that “the manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”
If the thing given to Mrs. Risley had been a promissory note, her case would be covered by the cases of Barriere v. Gladding, 17 La. 144; Morres v. Compton, 12 R. 76; Succession of DePouilly, 22 An. 97; in all of which cases it was held that the donation of a promissory note must be preceded by the formalities required by article 1538 (1525) of tfhe Code.
If it had been a check drawn by Hampton Elliott, and he had died before the check was presented, and the check was a donation, the *467 check would have been worthless, because by the demise of the donor his mandate to his agent, the bank, was revoked.
But the check in question was not of Hampton Elliott’s drawing. It was a check drawn to his order. The moment he indorsed it and handed it over to Mrs. Risley, his property in it ceased. It was not his money which the bank paid when it paid the check. It was Brit-ton and Kountz’s money. The bank paid under instructions from them and not uuder any mandate from Elliott.
A check is not an obligation. It is an unconditional order to pay. It, in fact, represents money, and to all practical intents is money. When, therefore, Elliott gave the cheek in question, indorsed by him, to Mrs. Risley, it was money which he gave her, and which she reduced to her possession when she took it.
Under these circumstances the judgment which condemns her to return it is erroneous.
It is therefore ordered, adjudged and decreed that the judgment of the district court as regards Mrs. Bishop, be annulled, and that as regards Mrs. Risley, it be also avoided, annulled and reversed, and that there be judgment in her favor with costs in both courts.